# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**NITRO CONSTRUCTION SERVICES, INC.,**
**Employer Below, Petitioner**

**FILED**
**March 25, 2024**
C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 23-ICA-558**          (JCN: 2021022573)

**BRIAN MARTIN,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Nitro Construction Services, Inc. ("Nitro") appeals the November 16, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Brian Martin filed a response.[1] Nitro did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which granted Mr. Martin a 9% permanent partial disability ("PPD") award, instead granting him an additional 10% PPD award, for a total PPD award of 19%.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 8, 2021, while employed by Nitro, Mr. Martin drilled into an electrical box causing extensive electrical burns to his face, chest, arms, abdomen, and in his airway. Mr. Martin was admitted to Cabell Huntington Hospital on the same day for second- and third-degree electrical burns and respiratory failure. An operative report dated June 4, 2021, indicates that Mr. Martin underwent non-excisional debridement with hemostasis and placement of split-thickness skin grafts to the right arm, right forearm, right abdomen/flank, and left abdomen/flank.

Mr. Martin was examined by Prasadarao Mukkamala, M.D., on May 24, 2022. The report notes that Mr. Martin had burns over both upper extremities, on the right and left sides of the trunk, and flash burns over the face on both sides of the jaw and behind the left ear. Dr. Mukkamala indicated that Mr. Martin reported that he was able to carry on his activities of daily living and household activities. Dr. Mukkamala opined that Mr. Martin

---

[1] Nitro is represented by Patricia E. McEnteer, Esq. Mr. Martin is represented by Samuel F. Hanna, Esq.

had no significant scarring, mild scarring behind the left ear, hypopigmentation at the lateral margin of the jaw on both sides, and no disfigurement from the burns over the face. Dr. Mukkamala found that Mr. Martin had reached maximum medical improvement ("MMI") for his compensable injuries. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th ed. 1993) ("*Guides*"), Dr. Mukkamala opined that the claimant had a 9% whole person impairment ("WPI") due to the burns. Dr. Mukkamala placed Mr. Martin in Class I of Table 2 on page 280 of the *Guides*, because Dr. Mukkamala opined that the burn scarring did not interfere with activities of daily living but caused symptoms such as itching and required maintenance management in the form of using skin lotions. The claim administrator issued an order dated June 15, 2022, which granted Mr. Martin a 9% PPD award based upon the opinions of Dr. Mukkamala. Mr. Martin protested this order.

On October 13, 2022, Mr. Martin was examined by Bruce A. Guberman, M.D. Mr. Martin reported scars on both arms, both flank areas, face, and at the skin graft donor sites; he also reported that the scars are pruritic, dried out, tender to the touch, sensitive to heat, and bruise and cut easily. Mr. Martin reported that he uses sunblock. Mr. Martin indicated that due to the tracheotomy, he had hoarseness and decreased voice volume. Additionally, Mr. Martin reported that as a result of the compensable injury, he had difficulty doing yard work, fishing, playing sports with his teenage sons, difficulty lifting objects because of the tightness of the skin, and any activities which cause his skin to become warm or exposed to the sun. Dr. Guberman's physical examination of Mr. Martin revealed scarring on both sides of the jaw extending to the respective ear, areas of hyperpigmentation, roughening of the skin, dark discoloration and light areas of hypopigmentation, and erythematous scarring. Dr. Guberman opined that the scars were disfiguring. Dr. Guberman found that Mr. Martin had reached MMI for the compensable injury. Using the *Guides*, Dr. Guberman found 17% WPI for the scarring on the arms, hands, flank areas, and abdomen, and placed Mr. Martin in Class 2 of Table 2 on page 280 of the *Guides* because he had signs and symptoms of skin disorder that are present constantly, had limitations in performing some activities of daily living, and required constant treatment in the form of moisturizer and sunblock. Dr. Guberman found 3% WPI for the disfiguring facial scars and placed Mr. Martin in Class 1 on page 229 of the *Guides* for "Criteria for Facial Impairment." Dr. Guberman opined that Mr. Martin would be entitled to an additional 10% WPI due to the compensable injury for a total of 19% PPD.

On November 16, 2023, the Board reversed the claim administrator's order, which granted Mr. Martin a 9% PPD award, and instead granted him an additional 10% PPD award, for a total PPD award of 19%. The Board found that Dr. Guberman's report was the most reliable and credible. Nitro now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Nitro argues that Dr. Guberman's ratings are invalid because he was the only evaluator to find that Mr. Martin's facial scarring should be considered "disfiguring;" he did not take into account Mr. Martin's return to work without restrictions in his impairment ratings; and he rated Mr. Martin's impairment under both page 229 and Table 2, page 280 of the Guides, which is improperly duplicative. We disagree.

Here, the Board found that Mr. Martin established that he has 19% WPI due to the burns and scarring from the compensable injury. The Board noted the nature of Mr. Martin's injury and determined that Dr. Guberman's report was the most consistent with the evidence and thus, was the most reliable and persuasive. The Board specifically found that there was no medical opinion refuting the impairment ratings found by Dr. Guberman, and further, that Dr. Guberman's ratings complied with the *Guides*.

Upon review, we find that the Board was not clearly wrong in finding that Mr. Martin established that he has 19% WPI due to the burns and scarring from the compensable injury. Further, we find that the Board was not clearly wrong in finding that Dr. Guberman's report was the most reliable and persuasive, based on the medical evidence. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996).

Further, we find no merit in Nitro's argument that awarding Mr. Martin impairment under both page 229 and Table 2, page 280 of the *Guides* is improperly duplicative. Also,

3

we note that Nitro cites no legal authority for its assertion, only its own opinion. As the *Guides* are silent as to the award of impairment under both, there is no persuasive authority indicating that this is improper.

We also find no merit in Nitro's arguments that 1) the nature of the injury and the treatment undergone by a claimant should not be considered in the determination of impairment or the award of PPD and 2) the fact that Mr. Martin has returned to work without restrictions should decrease the amount of his impairment. Again, we note that Nitro cites no legal or medical authority for its assertions, only its own opinions, which we do not find to be sufficient authority on this nor any other legal or medical question within the instant case.

Accordingly, we affirm the Board's November 16, 2023, order.

Affirmed.

**ISSUED:** March 25, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

4